UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CAMPBELL STREET CONDOMINIUMS and SUSIE MALDONADO,<br><br>Plaintiffs,<br><br>v.<br><br>TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA,<br><br>Defendant. | CAUSE NO.: 2:21-CV-347-TLS-JPK |

**OPINION AND ORDER**

This matter is before the Court sua sponte on the issue of the citizenship of both Plaintiffs, Campbell Street Condominiums (the Condominiums) and Susie Maldonado. Federal courts are responsible for ensuring the parties have properly invoked federal subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Johnson v. United States Office of Pers. Mgmt.*, 783 F.3d 655, 668 (7th Cir. 2015). Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and there is complete diversity of citizenship, meaning all Plaintiffs are citizens of a state different than the state of the Defendant's citizenship. *See* 28 U.S.C. § 1332(a)(1).

In removing the original Complaint from state court, at which time the Condominiums was the only Plaintiff, the Defendant alleged that the Court could properly exercise diversity jurisdiction over this case. Notice of Removal, ECF No. 1. As the party seeking this Court's jurisdiction, the Defendant bears the burden of proving the jurisdictional requirements were satisfied as to the two parties to the case at the time the case was filed. *Hertz Corp. v. Friend*,

559 U.S. 77, 96 (2010); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009); *Altom Transp., Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416, 420 (7th Cir. 2016). The Defendant sufficiently pleaded that the amount in controversy in this case exceeds $75,000. Notice of Removal ¶ 7. The Defendant, a corporation, also alleged it is incorporated in and has its principal place of business in the State of Connecticut. *Id.* What is unclear, however, is whether the Defendant was correct in alleging that the Condominiums is a citizen of the State of Indiana. *Id.* at ¶ 5.

An artificial entity's citizenship depends on the type of entity it is, and the parties appear to disagree as to the organizational status of the Condominiums. In its Notice of Removal, the Defendant represented, "At the time the Complaint was filed, and at all times subsequent thereto, the Condominiums was a nonprofit corporation incorporated in the State of Indiana with its principal place of business in the State of Indiana." *Id.* In its pending Motion to Dismiss Plaintiffs' Amended Complaint, the Defendant asserts the Condominiums was administratively dissolved in 2005, has not had its corporate status reinstated, and, consequently, lacks the capacity to sue and be sued under Indiana law. Def. Mot. 2–7, ECF No. 18.

It appears the Seventh Circuit Court of Appeals has not yet established a test for determining the citizenship of a dissolved corporation, and district courts throughout this circuit have not uniformly applied a single test. Some have generally found a dissolved corporation is a citizen of its state of incorporation and the state in which its principal place of business was located. *See Pratt v. Green Bay Distribs., Inc.*, No. 1:17-cv-02809, 2017 WL 4250111, at *2 (S.D. Ind. Sept. 26, 2017); *Congdon v. Cheapcaribbean.com, Inc.*, No. 17 C 5502, 2017 WL 5069960, at *3 (N.D. Ill. Nov. 3, 2017). In *Pratt*, however, there was no discussion of the more specific situation, possibly applicable here, of how to determine citizenship where the state of

incorporation does not permit the dissolved corporation to sue or be sued. *See Pratt*, 2017 WL 4250111. Though *Congdon* examined the capacity of a voided Delaware corporation to sue and be sued and the resulting effect on subject matter jurisdiction, it did so for the purpose of deciding whether the plaintiff in that case fraudulently joined the voided corporation, ultimately concluding that the voided corporation "could be disregarded for jurisdictional purposes." *Congdon*, 2017 WL 5069960, at *3 n.3.

Other district courts in this circuit have found that, if the state of incorporation forbids a dissolved corporation from suing and being sued in its own name after dissolution, "then the citizenship of the dissolved corporation . . . is the citizenship of the trustee or trustees of the dissolved corporation." *Colon v. SmithKline Beecham Corp.*, No. 09-1073-GPM, 2010 WL 46523, at *3 (S.D. Ill. Jan. 5, 2010) (citing *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006); *Newsom v. Caliber Auto Transfer of St. Louis, Inc.*, No. 09-954-GPM, 2009 WL 4506298, at *3 (S.D. Ill. Nov. 26, 2009)); *see also Wild v. Subscription Plus, Inc.*, 292 F.3d 526, 528 (7th Cir. 2002) (assessing the law of the state of incorporation and whether it permitted a corporation whose charter had been revoked to sue and be sued in determining citizenship for diversity jurisdiction). Similarly, a court in this district held: "if the relevant state's law does not permit a dissolved corporation to sue (or be sued) in its own name, then it will need to be determined by [the Defendant] whether the citizenship of each trustee, director, member, shareholder, or other principal must be pled." *Dreibelbeis v. Daesung Celtic Enersys Co.*, No. 3:17-CV-100-JD, 2018 WL 3141850, at *4 (N.D. Ind. June 27, 2018) (citing *Colon*, 2010 WL 46523, at *3). Under this standard, if the Condominiums is a dissolved corporation, and if Indiana law forbids such entities from suing and being sued in their own names, then the

3

Defendant would have to assert the facts necessary to establish the Condominiums' citizenship for purposes of diversity jurisdiction.

In their Response to the Defendant's Motion to Dismiss [ECF No. 22], the Plaintiffs posit an alternative theory of the Condominiums' entity status; that theory, if correct, would trigger a different test for its citizenship. The Plaintiffs assert that, while there did exist an entity called "Campbell Street Condominiums Owners Association, Inc." that has since been dissolved, the Insurance Policy at issue in this case lists the contracting insured party as "Campbell Street Condominiums," which is a different entity and is not—or, at least, is no longer only—a dissolved corporation but is, rather, an "unincorporated association" or an "unincorporated nonprofit association." *See* Pl. Ex. A, ECF No. 14-1; Pl. Resp. 3–5, ECF No. 22. For purposes of diversity jurisdiction, unincorporated entities take the citizenship of each member of the unincorporated association. *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002) (noting "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be"); *see also Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 381 (2016) (noting a court identifies an unincorporated entity's citizenship by looking at the citizenship of each of its members). If the Condominiums is an unincorporated association, the Defendant has failed to allege facts to support the Court's exercise of diversity jurisdiction because it has not provided the citizenship of each of the Condominium's members.

If the Defendant can establish that the Court had subject matter jurisdiction at the time of removal, the Plaintiffs will need to clarify Plaintiff Susie Maldonado's citizenship. Maldonado joined this action via the Plaintiffs' Amended Complaint [ECF No. 14], filed as of right pursuant to Federal Rule of Civil Procedure 15(a)(1)(B) in response to the Defendant's initial Motion to

Dismiss [ECF No. 13]. The Amended Complaint naming Plaintiff Susie Maldonado to this action does not contain any indication of Maldonado's citizenship; it only states she has owned some of the real estate allegedly covered by the Insurance Policy. Am. Compl. ¶ 1, ECF No. 14. Maldonado is a citizen of the state in which she is domiciled. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). "Domicile ordinarily is understood to mean physical presence and the intent to remain somewhere indefinitely." *Castellon-Contreras v. I.N.S.*, 45 F.3d 149, 153 (7th Cir. 1995).

Accordingly, the Court hereby ORDERS Defendant Travelers Casualty Insurance Company of America to FILE on or before November 30, 2022, a supplemental jurisdictional statement identifying the citizenship of Plaintiff Campbell Street Condominiums as of the date the original Complaint [ECF No. 3] was filed in Indiana state court. The Court GRANTS the Defendant leave to engage in any necessary jurisdictional discovery.

The Court also ORDERS the Plaintiffs to FILE on or before November 30, 2022, a supplemental jurisdictional statement identifying Plaintiff Susie Maldonado's citizenship at the time of filing the Amended Complaint [ECF No. 14].

The Court last DENIES without prejudice the Defendant's Motion to Dismiss Plaintiffs' Amended Complaint [ECF No. 18], with leave to refile, if and when subject matter jurisdiction is confirmed.

SO ORDERED on September 28, 2022.

                               s/ Theresa L. Springmann
                               JUDGE THERESA L. SPRINGMANN
                               UNITED STATES DISTRICT COURT