UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CAMPBELL STREET CONDOMINIUMS and SUSIE MALDONADO, <br><br> Plaintiffs, <br><br> v. <br><br> TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, <br><br> Defendant. | CAUSE NO.: 2:21-CV-347-TLS-JPK |

**OPINION AND ORDER**

Plaintiffs Susie Maldonado and Campbell Street Condominiums assert against Defendant Travelers Casualty Insurance Company of America state law claims based on a breach of an insurance contract, negligence, and breach of the covenant of good faith and fair dealing arising out of an insurance contract. *See* Am. Compl., ECF No. 14.

The contract was entered into for coverage of a four-unit condominium in Valparaiso, Indiana, from December 8, 2019, through December 8, 2020. *Id.* ¶¶ 4–9. The Plaintiffs allege that around April 7, 2020, a storm producing wind and hail damaged the roof of the property and water intrusion through the roof caused significant damage to the interior of the property. *Id.* ¶ 10. After the Plaintiffs submitted a claim, the Defendant sent an agent to conduct an inspection; the Plaintiffs allege this inspection was substandard and failed to properly inspect the damage to the property. *Id.* ¶ 15. The Defendant consequently provided an estimate that the Plaintiffs allege was grossly inadequate and failed to account for all storm-related damages to the property. *Id.* ¶ 16. The Plaintiffs ultimately sued for the payment of proceeds they allege are due to them under the policy and for damages. *Id.* p. 7.

The Defendant removed this case from state court on November 8, 2021. Notice of Removal, ECF No. 1. On December 10, 2021, the Defendant moved to dismiss the original complaint. ECF No. 13. In response, the Plaintiffs filed their Amended Complaint adding Plaintiff Susie Maldonado as a party. Am. Compl.

This matter is before the Court on the Defendant Traveler's Motion to Dismiss Plaintiff's Amended Complaint and Brief in Support [ECF No. 33], filed on December 13, 2022, which raises largely the same arguments as the Defendant's earlier-filed motion to dismiss. The Plaintiffs filed a response on February 21, 2023. ECF No. 42. The Defendant filed a reply on February 28, 2023. ECF No. 43. This matter is ripe for ruling. For the reasons discussed below, the Court grants in part and denies in part the Defendant's Motion.

## LEGAL STANDARD

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014) (citing Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997)). "The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990) (internal citation omitted).

When reviewing a complaint attacked by a Rule 12(b)(6) motion, a court construes the complaint in the light most favorable to the non-moving party, accepts the factual allegations as true, and draws all inferences in the non-moving party's favor. *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if

2

doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## ANALYSIS

The Defendant challenges the Plaintiffs' case, arguing that neither Plaintiff may maintain the action against it as neither may sue to enforce the contract. The Court addresses the argument as to each Plaintiff in turn.

### A. Plaintiff Campbell Street Condominiums

The Defendant argues that Plaintiff Campbell Street Condominiums may not bring this suit because it is a dissolved corporation formerly incorporated under the laws of Indiana. The Defendant seeks to have the Court take judicial notice of the administrative dissolution of Campbell Street Condominium Owners Association, Inc. *See Campbell Street Condominiums Owners Association*, Business Search, INBiz, https://bsd.sos.in.gov/publicbusinesssearch (last accessed Aug. 30, 2023).

In Indiana, a corporation "that is dissolved administratively continues its existence as the same type of entity but may not carry on any activities except: (1) to apply for reinstatement under section 3 of this chapter; or (2) as necessary to wind up its activities and affairs and liquidate its assets . . . ." Ind. Code § 23-0.5-6-2(c). The Defendant argues that maintaining a suit for damages on an allegedly breached insurance contract is not part of the process of winding up because too much time has passed since Campbell Street Condominium Owners Association,

Inc's dissolution.¹ Without citing any caselaw or providing any reasoning, the Defendant concludes in its reply:

> If Campbell wanted to enjoy access to the court system to enforce contractual rights, it was incumbent on Campbell to comply with the requirements of Indiana law to remain in good standing. Just because Travelers is able to adjust an insurance claim submitted by Campbell does not mean that Campbell has the right to pursue Travelers in court when it is dissatisfied with the claim outcome . . . . Campbell's status as a dissolved non-profit corporation entitles it only to commence a proceeding as necessary to wind up its activities and affairs. Any contracts it enters into it does so at its own risk, and because an involuntarily dissolved entity cannot avail itself of the legal system, it cannot use the courts to obtain relief pursuant to the Policy.

Reply 7–8, ECF No. 43. The Defendant does not argue the contract is invalid, and it freely concedes that the contract at issue was entered into well after the 2005 dissolution of Campbell Street Condominiums Owners Association, Inc. As the Defendant points out, information about Campbell Street Condominiums Owners Association, Inc. is public and easily searchable on a website maintained by the State of Indiana. The parties do not address whether, in 2019, Travelers knowingly contracted with a dissolved corporation. Nor do they discuss whether, if Plaintiff Campbell Street Condominiums is a dissolved nonprofit corporation and if the winding up process has terminated, a contract entered into long after a corporation's administrative dissolution is unenforceable.

The Plaintiffs argue that administratively dissolved Campbell Street Condominiums Owners Association, Inc. was not the entity receiving coverage under the policy and maintain that Campbell Street Condominiums is a separate entity. The Plaintiffs point out that, in their Amended Complaint, Campbell Street Condominiums, not Campbell Street Condominiums

---

¹ The Defendant admits that dissolution does not prevent the commencement of a proceeding by or against the corporation in the corporation's corporate name. *See* Ind. Code § 23-17-22-5(b)(4). The Defendant nonetheless asserts this capacity is limited to proceedings necessary to resolve matters related to winding up its activities and affairs.

4

Owners Association, Inc., is the named insured on the insurance policy. *See* Pl. Ex. A at 3, ECF No. 14-1. They note that Campbell Street Condominiums Owners Association, Inc., is not mentioned anywhere in the contract. They argue that Campbell Street Condominiums has the capacity to sue as an unincorporated association. *See* Ind. R. Trial P. 17(B) ("[A] partnership or unincorporated association may sue or be sued in its common name."). Last, the Plaintiffs contend that "[o]ver a twelve-year period, plaintiffs have paid substantial amounts for premiums to insure the property at issue. To now claim that neither Plaintiff can enforce their right under the contract with Travelers, is unconscionable and against public policy." Resp. 8, ECF No. 42.

The Defendant argues that the two entities are one and the same, that the Plaintiffs have omitted from their response any authority stating a dissolved corporation automatically becomes an unincorporated one, and that the Plaintiffs provided no evidence that Campbell Street Condominiums is a new entity formed as an unincorporated association after the dissolution of Campbell Street Condominiums Owners Association, Inc. The Defendant further asserts the Amended Complaint contains no allegation that Campbell Street Condominiums is an unincorporated association with capacity to sue and that the Plaintiffs impermissibly attempt to amend their Amended Complaint in response to a motion to dismiss in making this argument.

The Federal Rules of Civil Procedure instruct that a pleading need not allege a party's capacity to sue unless it affects the court's jurisdiction. *See* Fed. R. Civ. P. 9(a)(1)(A).[2] Rather, Rule 9 provides that a party must raise lack of capacity by a "specific denial" with supporting facts, Fed. R. Civ. P. 9(a)(2); a lack of capacity argument is a waivable defense, *see Wagner*

---

[2] The parties have filed a Joint Supplemental Jurisdictional Statement [ECF No. 31] demonstrating that the Court has diversity jurisdiction regardless of whether Campbell Street Condominiums is an unincorporated association or a dissolved corporation.

*Furniture Interiors, Inc. v. Kemner's Georgetown Manor, Inc.*, 929 F.2d 343, 345–46 (7th Cir. 1991).[3] The Defendant properly raises this defense now, and the Court considers it.

At the core of the parties' dispute is a disagreement over a term the contract contains: the meaning of the named insured stated on the contract. *See CNC Sols. & Eng'g, LLC v. Korloy Am., Inc.*, No. 21-C-05651, 2022 WL 4608909, at *2 (N.D. Ill. Sept. 30, 2022) ("[A]ll the arguments boil down to the question of whether Plaintiff was a party to the [insurance policy], which is a simple matter of contract interpretation."). Under "Named Insured and Mailing Address" in the contract appears:

> Campbell Street Condominiums
> ATTN: Susan Maldonado

Pl. Ex. A at 3. An address, presumably belonging to Plaintiff Maldonado, follows the second line. The insurance contract also provides: "A Custom Insurance Policy Prepared for: Campbell Street Condominiums ATTN: Susan Maldonado" at the same mailing address. *Id.* at 4.

While the Defendant seeks to have the Court take judicial notice of the administrative dissolution of Campbell Street Condominiums Owners Association, Inc., that is not the insured name that appears on the insurance policy. The name of the insured listed in the document does not reveal its organizational status. The Defendant points out that the policy makes clear the named insured is a condominium association, but "Campbell Street Condominiums" may well be a separate entity condominium association. Additional facts may show the entity is an unincorporated association, as the Plaintiffs argue.[4]

---

[3] Likewise, in Indiana state court, "[i]t is not necessary to aver the capacity of a party to sue or be sued, the authority of a party to sue or be sued in a representative capacity, or the legal existence of an organization that is made a party. The burden of proving lack of such capacity, authority, or legal existence shall be upon the person asserting lack of it, and shall be pleaded as an affirmative defense." Ind. R. Trial P. 9(a).

[4] The Defendant also argues the policy was issued to Campbell Street Condominiums Owners Association, Inc., because that is "the condominium association statutorily charged with the responsibility

By referring to the public documents showing that Campbell Street Condominiums Owners Association, Inc. was administratively dissolved, the Defendant functionally argues that the Court should look beyond the contract in interpreting that term. But "when the contract terms are unambiguous, . . . [a court] do[es] not go beyond the four corners of the contract to investigate meaning." *Care Grp. Heart Hosp., LLC v. Sawyer*, 93 N.E.3d 745, 756 (Ind. 2018) (citation omitted); *OEC-Diasonics, Inc. v. Major*, 674 N.E.2d 1312, 1314 (Ind. 1996) ("Where, as here, 'a contract is unambiguous, the intent of the parties should be determined by the language employed in the document.'" (quoting *Thomas v. Thomas*, 577 N.E.2d 216, 219 (Ind. 1991))). "Extrinsic evidence cannot be used to create an ambiguity." *Five Star Roofing Sys., Inc. v. Armored Guard Window & Door Grp., Inc.*, 191 N.E.3d 224, 237 (Ind. Ct. App. 2022) (citing *Ryan v. TCI Architects/Eng'rs/Contractors, Inc.*, 72 N.E.3d 908, 917 (Ind. 2017)). Whenever a contract's language is unambiguous, a court must give the contract's terms their "plain and ordinary meaning in light of the whole agreement, 'without substitution or addition.'" *Id.* at 236 (quoting *Hartman v. BigInch Fabricators & Constr. Holding Co.*, 161 N.E.3d 1218, 1223 (Ind. 2021)). The parties' disagreement over the term does not itself create ambiguity. *See, e.g.*, *Ryan*, 72 N.E.3d at 917. While a court may review extrinsic evidence where there is a "showing of fraud, mistake, ambiguity, illegality, duress or undue influence," *John M. Abbott, LLC v. Lake City Bank*, 14 N.E.3d 53, 56 (Ind. Ct. App. 2014) (citation omitted), the Defendant does not contend any of these scenarios occurred and offers no reasoning in asserting the Court may consider the public dissolution records in interpreting this term in the contract.

---

for condominium property" and cites to several provisions of the Indiana Condominiums Act. Def. Mot. 3, ECF No. 33. Indiana Code § 32-25-8-9(a) requires the association of co-owners to buy a master casualty insurance policy. However, § 32-25-9-1 provides that the association of co-owners may be organized as a nonprofit corporation *or* an unincorporated association. Ind. Code § 32-25-9-1(c).

Taking the facts in the light most favorable to the Plaintiffs and allowing the Plaintiffs all reasonable inferences arising from those facts, *see Bell*, 835 F.3d at 738, the Court finds that, because the terms describing the named insured under the contract do not match those that the Defendant points to in the public documents describing the dissolved corporation, the Defendant has not shouldered its burden of showing the Plaintiffs fail to state a claim. While the Defendant argues Campbell Street Condominiums has not pleaded enough facts to show that Campbell Street Condominiums is an unincorporated association, the Defendant does not support its position with law and does not state the facts that would be necessary to make such a showing.

An "unincorporated association" is "a voluntary group of persons which, without a charter, was formed by mutual consent for the purpose of promoting a common enterprise or prosecuting a common objective." *Hanson v. Saint Luke's United Methodist Church*, 704 N.E.2d 1020, 1022 n.5 (Ind. 1998) (citing Black's Law Dictionary 1531–32 (6th ed. 1990)). As discussed above, Campbell Street Condominiums did not have to specifically plead capacity in the Amended Complaint. As a result, Campbell Street Condominiums may properly produce additional facts in discovery to show it is an unincorporated association. The Defendant has not articulated which facts are lacking that would prevent Campbell Street Condominiums from meeting the organizational requirements of an unincorporated association under Indiana law, and unincorporated associations may properly sue and be sued in Indiana. For these reasons, the Court denies the Defendant's motion to dismiss as to Plaintiff Campbell Street Condominiums.

### B. Plaintiff Susie Maldonado

The Defendant also moves to dismiss Plaintiff Susie Maldonado from the Amended Complaint, arguing she lacks standing to sue because she is not a named insured, is not a third-party beneficiary, and is not a real party in interest.

"'Standing is a threshold question in every federal case because if the litigants do not have standing to raise their claims the court is without authority to consider the merits of the action.'" *Meyers v. Nicolet Rest. of De Pere, LLC*, 843 F.3d 724, 726 (7th Cir. 2016) (quoting *Freedom From Religion Found., Inc. v. Zielke*, 845 F.2d 1463, 1467 (7th Cir. 1988)). "Standing is an essential component of Article III's case-or-controversy requirement." *Apex Digit., Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

A plaintiff has standing to pursue a claim if the plaintiff shows "a concrete and particularized injury in fact" that "is fairly traceable to the challenged conduct" and that a court could provide redress for by a favorable judicial decision. *Spuhler v. State Collection Serv., Inc.*, 983 F.3d 282, 285 (7th Cir. 2020) (citing *Lujan*, 504 U.S. at 560–61). Plaintiff Maldonado has standing if she can show she is a named insured, a third-party beneficiary, or a real party in interest to this action or can otherwise demonstrate she has sustained an injury sufficient to satisfy Article III. *See, e.g.*, *City of Yorkville ex rel. Aurora Blacktop Inc. v. Am. S. Ins. Co.*, 654 F.3d 713, 714 (7th Cir. 2011) (affirming the trial court's finding that the plaintiff was not a third-party beneficiary to the contract and lacked standing to sue under the contract at issue).

*1. The Named Insured*

The Defendant argues Plaintiff Maldonado is not a named insured under the policy because her name appears after "ATTN." The Plaintiffs never specifically respond to this point

9

but assert that Plaintiff Maldonado is a co-owner of the property with the statutory responsibility for purchasing insurance through a co-owner's association. The Court agrees with the Defendant: the "ATTN" appears to be short for "attention" and ordinarily designates the person and address that can receive mailings on behalf of a non-person entity. *See ATTN*, Merriam-Webster.com, https://www.merriam-webster.com/dictionary/attn (last visited August 30, 2023). The Plaintiff does not argue that this term is ambiguous, does not argue that "ATTN" means something other than "attention," and does not explain how inclusion on an insurance contract as a person designated to receive mail on behalf of the named insured could personally insure Plaintiff Maldonado, an individual. Whether she has certain statutorily imposed duties does not impact the Court's interpretation of the contract's unambiguous terms. *See Care Grp. Heart Hosp., LLC*, 93 N.E.3d at 756. Plaintiff Maldonado is not a named insured under the contract.[5]

2.  *Third-Party Beneficiary*

"Generally, only a party to a contract or one in privity with a party to a contract has rights under that contract." *Miller v. Partridge*, 734 N.E.2d 1061, 1064 (Ind. Ct. App. 2000) (quoting *Gonzales v. Kil Nam Chun*, 465 N.E.2d 727, 729 (Ind. Ct. App. 1984)). A non-party may still have the right to enforce a contract, however, if that non-party shows they are a third-party beneficiary. *Id.* A third-party beneficiary may sue if "(1) the parties intend to benefit a third party; (2) the contract imposes a duty on one of the parties in favor of the third party; and (3) the performance of the terms of the contract renders a direct benefit to the third party." *Id.* (quoting

---

[5] The policy contains a provision expanding "who is insured" to include individual owners of the condominium units, but this expansion relates only to the portion of the policy discussing Commercial General Liability Coverage. *See* Pl. Ex. A at 58. This portion of the contract states the Defendant will provide coverage and pay sums "the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which insurance applies." *Id.* at 98. The Plaintiffs have not alleged in their Amended Complaint that they are suing because Campbell Street Condominiums has a legal obligation to pay for property damage, nor do they argue their claim arises from this portion of the policy.

*Kiltz v. Kiltz*, 708 N.E.2d 600, 602 (Ind. Ct. App. 1999)). Among these three factors, the intent of the contracting parties to benefit the third party is controlling. *Flaherty & Collins, Inc. v. BBR-Vision I, L.P.*, 990 N.E.2d 958, 971 (Ind. Ct. App. 2013). It must be clear from the language of the contract that its purpose was to impose an obligation on one of the parties in favor of the third party. *Cain v. Griffin*, 849 N.E.2d 507, 514 (Ind. 2006) (quoting *OEC-Diasonics, Inc*, 674 N.E.2d at 1315). It must have been the intent of the promising party or parties that they assume a direct obligation to the third-party beneficiary and bestow rights on the third party. *M Jewell, LLC v. Bainbridge*, 113 N.E.3d 685, 689 (Ind. Ct. App. 2018); *Cain*, 849 N.E.2d at 514. It is not enough that the performance of the contract would benefit the third party. *Cain*, 849 N.E.2d at 514.

Citing *Cain*, 849 N.E.2d 507, and *American Family Life Assurance Co. v. Russell*, 700 N.E.2d 1174 (1998), the Plaintiffs argue Maldonado is a third-party beneficiary with rights under the contract. The Defendant counters that Plaintiff Maldonado fails to meet the standard stated in *Cain* and that *Russell* is distinguishable.

While the Indiana Supreme Court found the plaintiff was a third-party beneficiary in *Cain*, the contract at issue demonstrated the insurance company undertook a direct obligation to directly pay third parties for injuries resulting from covered events. 849 N.E.2d at 515 ("It is clear from the language of the contract that the [insured] intended to require [the insurer] to pay medical expenses for "bodily injury" to a third party—in this case, [the plaintiff]—caused by an accident on the [insured's] premises . . . . It is also clear that [the insurer] intended to assume the obligation thus imposed."). The plaintiff was, therefore, permitted to sue the insurance company directly. *Id.* The Plaintiffs here cannot point to any similar language in the insurance contract that

shows the Defendant agreed to undertake an obligation to administer the benefits of the insurance contract directly to any condominium co-owners such as Plaintiff Maldonado.

The Court also agrees that *Russell* does not help Plaintiff Maldonado for at least two reasons. First, the *Russell* plaintiff's status as a beneficiary of the contract was never challenged. The case does not analyze whether she met the requirements of a third-party beneficiary. Second, *Russell* likely contains no analysis on that issue because the plaintiff was named in the contract as the sole beneficiary to her brother's accidental death insurance policy. 700 N.E.2d at 1176. Similar to *Cain*, the contract at issue in *Russell* was, therefore, created so that the insurer would directly compensate the plaintiff in the event of her brother's accidental death from covered causes. *Id.* at 1176–77. Again, none of the co-owners of the property at issue—including Plaintiff Maldonado—were named as beneficiaries directly entitled to the proceeds of the insurance policy.

As the Defendant points out, there is nothing in the contract itself that suggests Plaintiff Maldonado was intended to receive benefits under the contract, and Plaintiff Maldonado is not a third-party beneficiary to the contract.

3.  *Real Party in Interest*

The Plaintiffs briefly contend that Plaintiff Maldonado is a real party in interest, citing *Cook v. City of Evansville*, 381 N.E.2d 493, 494 (Ind. Ct. App. 1978), and *Brenner v. Powers*, 584 N.E.2d 569, 573 (Ind. Ct. App. 1992), for the proposition that a person is a real party in interest where they have a present and substantial interest in the relief sought such that they are entitled to the fruits of the action. As discussed above, Plaintiff Maldonado is not directly entitled to the proceeds of the insurance policy, the remedy requested, she is not a third-party beneficiary, and she is not the real party in interest to this action.

For all these reasons, the Court grants the Defendant's motion to dismiss as to Plaintiff Susie Maldonado.

## CONCLUSION

For the reasons stated above, the Court hereby DENIES in part and GRANTS in part Defendant Traveler's Motion to Dismiss Plaintiff's Amended Complaint and Brief in Support [ECF No. 33]. The Court DENIES the Defendant's motion as to Plaintiff Campbell Street Condominiums. The Court GRANTS the Defendant's motion as to Plaintiff Maldonado and DISMISSES her from the case.

SO ORDERED on September 6, 2023.

                                                s/ Theresa L. Springmann
                                                JUDGE THERESA L. SPRINGMANN
                                                UNITED STATES DISTRICT COURT